UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CARLTON V SMITH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | No.: 1:17-CV-152-CLC<br>1:00-CR-38-CLC-CHS-3 |

## **MEMORANDUM OPINION**

On May 15, 2017, Carlton V. Smith ("Petitioner") filed this pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 211]. On October 16, 2017, the Court entered an order informing Petitioner that his motion "is not in compliance with the [Rules Governing Section 2255]" [Doc. 212]. Specifically, Petitioner "failed to substantially follow an approved form in attempting to set forth his grounds for relief" [*Id*.]. Further, Petitioner's pleading "was not sworn under penalty of perjury, but rather was signed merely as "Respectfully Submitted" in violation of Rule 2(c) of the Rules Governing Section 2255 Cases in the United States District Courts [*Id*.]. While the Court recognized that Petitioner is pro se, it remains that he must comply with the relevant procedural rules.

The Court directed the Clerk to send Petitioner a court-approved preprinted form motion and allowed Petitioner thirty days to amend his petition to comply with the Rules Governing Section 2255 cases [*Id*.]. The Court forewarned Petitioner that "if he fail[ed] to timely comply

with this Order, the Court will dismiss this action for want of prosecution and failure to comply with orders of the Court, pursuant to Federal Rule of Civil Procedure 41(b)" [*Id.*].[1]

More than thirty days have passed, and Petitioner has not filed an amended pleading or response to the Court's order. Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Petitioner's failure to prosecute this action can be attributed to his own willfulness or fault. Despite receiving this Court's order, Petitioner failed to submit an amended petition on the court-approved preprinted form provided to him, or respond to the Court in any way. Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D.

---

[1] The Federal Rules of Civil Procedure apply in the context of habeas suits to the extent that they are not inconsistent with the Habeas Corpus Rules. See Rule 12 of the Rules Governing Section 2255 Cases.

Tenn. L.R. 83.13. Pro se status does not exempt a petitioner from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991). Accordingly, the Court finds that the first factor weighs in favor of dismissal. The second factor, however, weighs against dismissal; since the Defendants have not yet been served or made to appear, they have not been prejudiced by any delay. By contrast, the third factor clearly weighs in favor of dismissal, as Petitioner has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that alternative sanctions would not be effective. The Court does not believe that a dismissal *without* prejudice would be an effective sanction to promote Petitioner's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Petitioner's compliance. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Petitioner's action with prejudice pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**