UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No: 1:00-CR-38 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| CARLTON V. SMITH ) | |

# **MEMORANDUM**

Before the Court are two motions in this matter. First, the United States (the "Government") asks the Court to authorize a payment of $4,073.38 from the inmate trust account of Defendant, Carlton V. Smith, towards his outstanding restitution obligation. (Doc. 216.) Defendant has responded in opposition (Docs. 217, 218), and the Government has replied (Doc. 220). Second, Defendant asks the Court to appoint counsel to assist with his response to the Government's motion, if any further response is required. (Doc. 221.)

## I. **BACKGROUND**

Following an eight-day jury trial, Defendant was convicted of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 and an unlawful monetary transaction in violation of 18 U.S.C. § 1957. (Doc. 120.) On March 9, 2001, the Court sentenced Defendant to one hundred eighty months of imprisonment, three years of supervised release, and the forfeiture of a 1997 Harley Davidson motorcycle. (Doc. 152 at 1-3, 6.) The Court also ordered Defendant to pay $851,000 in restitution, jointly and severally with his codefendants. (*Id.* at 5–6.) As of March 1, 2021, joint and several payments of $6,915.42 had been made toward the restitution balance. (Doc. 216 ¶ 3.)

## II. DISCUSSION

The Court turns first to Defendant's request for counsel. Defendant asks the Court to appoint counsel "if additional briefing is required." (Doc. 221 at 1.) Under this Court's Local Rules, the parties may file an opening brief, a responsive brief, and an optional reply brief. E.D. Tenn. L.R. 7.1(a), (c). "No additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the Court." *Id.* 7.1(d). Defendant has filed a response to the motion. (*See* Docs. 217, 218.) Because the Court does not require any additional briefing, Defendant's request for assistance with any such additional required briefing is moot and will be **DENIED**.

Turning to the Government's motion, the Government represents that Defendant has the substantial amount of approximately $5,873.38 in his inmate trust account at the Bureau of Prisons (the "BOP"). (Doc. 216 ¶ 5.) The Government asks the Court for an Order authorizing the BOP to turn over to the Government $4,073.38, which constitutes the balance in Defendant's inmate trust account, minus $1,800.00 the Government believes to have been from economic income payments to Defendant under the Coronavirus Aid, Relief, and Economic Security Act, also known as the CARES Act, 15 U.S.C. §§ 9001 *et seq.* (*Id.* ¶ 5.) The Government relies on 18 U.S.C. §§ 3613 and 3664 as authority for its request. (*Id.* at 1.) The Government also argues that the funds in Defendant's inmate trust account do not fall in any applicable category of exempt property. (*Id.* ¶ 8.)

"If a person obligated to provide restitution . . . receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution . . . still owed." 18

2

Case 1:00-cr-00038-CLC-CHS   Document 225   Filed 10/28/21   Page 2 of 4   PageID #: 277

U.S.C. § 3664(n). In addition, "An order of restitution may be enforced by the United States . . . by all . . . available and reasonable means." 18 U.S.C. § 3664(m)(1)(A).

Defendant opposes the Government's motion on the grounds that it violates his Financial Responsibility Program contract with the BOP, which obligates him to save money for his release. (Doc. 217 at 2.) As the Government points out, however, such a contract does not and cannot take precedence over Defendant's court-ordered restitution obligation. (*See* Doc. 220 ¶¶ 5, 6 (citing *United States v. Coates*, 178 F.3d 681, 685 (3d Cir. 1999) (although federal regulations allow the BOP to make payment schedules for monetary penalties, 18 U.S.C. § 3664(f)(2) gives sole authority to district courts as to the manner and schedule of restitution, overriding a conflicting regulation)).)

Nor are Defendant's other arguments well founded. Defendant argues he has serious medical conditions that prevent employment. (Doc. 217 at 3, 15–23.) However, he cites no authority for the proposition that his medical conditions or potential employment difficulties bar the Government from accessing funds it is otherwise legally entitled to collect towards a restitution obligation. Next, Defendant argues that the funds came from his family out of their compassion for him, especially during his medical convalescence. (*Id.* at 3.) Again, he cites no legal authority. A gift of funds from family members is not among the categories of legally exempt property. *See* 18 U.S.C. § 3613(a)(1). Third, Defendant argues that the Court lacks jurisdiction over the Government's motion because his criminal case is closed and the statutes on which the Government relies do not authorize the Court to amend Defendant's judgment. (Doc. 218 at 1–2.) This argument is frivolous. The Court has jurisdiction (*see* Doc. 186 [mandate]), and the relief the Government seeks does not involve amending the judgment, but enforcing it.

Finally, Defendant argues the Government has acted wrongfully by confiscating and selling a motorcycle of his which had a retail value of $21,000, and then failing to apply the sale proceeds to Defendant's restitution obligation. (Doc. 218 at 3.) Defendant's argument rests on a mistaken premise. Defendant's motorcycle was not taken as satisfaction towards his restitution obligation; rather, it was forfeited to the Government. (Doc. 152 at 6.) While the purpose of restitution is to restore a victim's loss, the purpose of forfeiture is to punish the defendant by disgorging any profits from criminal activity. *United States v. Boring*, 557 F.3d 707, 714 (6th Cir. 2009) (quoting *United States v. Webber*, 536 F.3d 584, 602–03 (7th Cir. 2008)). "Because forfeiture and restitution serve distinct goals, a defendant generally has no right or entitlement to use forfeited funds to satisfy an additional restitution obligation." *United States v. Daoud*, 976 F. Supp. 2d 945, 947 (S.D. Ohio 2013) (quoting *United States v. O'Connor*, 321 F. Supp. 2d 722, 729 (E.D. Va. 2004)). The forfeiture of Defendant's motorcycle is irrelevant to the enforcement of his restitution obligation.

### III. CONCLUSION

The Court will **DENY** Defendant's motion for counsel (Doc. 221) **AS MOOT** and **GRANT** the Government's motion to authorize payment (Doc. 216). The BOP will be **AUTHORIZED** to pay the amount of payment of $4,073.38 from Defendant's inmate trust account to the Clerk of Court towards Defendant's outstanding restitution obligation.

**AN APPROPRIATE ORDERED WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**